# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1328
LT Case No. 2022-CA-000413

_____

OPEN RANGE PROPERTIES, LLC,

    Appellant,

    v.

AMERIHOME MORTGAGE
COMPANY, LLC, LAILA C.
BRINSON, AND TOWNHOMES OF
KENDALL POINTE HOMEOWNERS
ASSOCIATION, INC.,

    Appellees.

_____

On appeal from the Circuit Court for Duval County.
Aaron K. Bowden, Senior Judge.

Christopher Hixson, of Hixson Law Group, Clearwater, for
Appellant.

Lauren Raines and Jacob B. Hanson, of Bradley Arant Boult
Cummings LLP, Tampa, for Appellee, Amerihome Mortgage
Company, LLC.

No Appearance for Other Appellees.

June 27, 2025

PER CURIAM.

Appellant, Open Range Properties, LLC, appeals the trial court's final judgment of foreclosure rendered in favor of Appellee, Amerihome Mortgage Company, LLC, upon Appellee's motion for final summary judgment. Appellant makes two arguments here for reversal, one of which we find to be dispositive. Appellant argues that the final summary judgment does not comport with the requirements of Florida Rule of Civil Procedure 1.510(a) because the trial court failed to state on the record its reason or reasons for granting the summary judgment motion. We agree.

In 2021, the Florida Supreme Court significantly revised both the procedural and substantive provisions of the summary judgment rule. *See In re Amends. to Fla. Rule of Civ. Proc. 1.510*, 317 So. 3d 72, 74 (Fla. 2021). Pertinent here, Rule 1.510(a) now provides that "[t]he court shall state on the record the reasons for granting or denying the motion." Our supreme court explained that "[t]he wording of the new rule makes clear that the [trial] court's obligation in this regard is mandatory" and that "it will not be enough for the [trial] court to make a conclusory statement that there is or is not a genuine dispute as to a material fact." *In re Amends.*, 317 So. 3d at 77. Rather, "[t]he [trial] court must state the reasons for its decision with enough specificity to provide useful guidance to the parties and, if necessary, to allow for appellate review." *Id.*

Here, the trial court's written final judgment does not comport with the rule's specificity requirement; and the transcript from the summary judgment hearing shows that the court did not orally announce during the hearing a non-conclusory reason or reasons for granting Appellee's summary judgment motion. Appellant preserved this issue for appellate review with a timely-filed motion for rehearing under Florida Rule of Civil Procedure 1.530. The transcript from the hearing held on the motion for rehearing and the unelaborated order denying Appellant's rehearing motion also contain no specific reason from the trial court for having granted Appellee's motion for summary judgment.

Accordingly, we reverse the final judgment and remand with directions to the trial court to enter a final summary judgment that is compliant with Rule 1.510(a). *See Martinez v. Bank of Am., N.A.*,

388 So. 3d 1037, 1038 (Fla. 3d DCA 2024) (reversing and remanding for the entry of an order compliant with Rule 1.510(a) when the trial court failed to provide its reasoning for granting a summary judgment either orally during the hearing or in its written order (citing *Ballard v. Bank of Am., N.A.*, 365 So. 3d 1219, 1221 (Fla. 2d DCA 2023))).

REVERSED and REMANDED, with directions.

LAMBERT, MACIVER, and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____